**BARNES & THORNBURG LLP**
Ali M.M. Mojdehi (SBN 123846)
amojdehi@btlaw.com
Allison M. Rego (SBN 272840)
arego@btlaw.com
655 West Broadway, Suite 1300
San Diego, California 92101
Telephone:    619.321.5003
Facsimile:    310.284.3894

Attorneys for Plaintiff and Creditor
C.R. LAURENCE CO., INC.

**FILED & ENTERED**

**NOV 23 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ANGEL J GARCIA,<br><br>  Debtor.<br>_____<br>C.R. LAURENCE CO., INC., a California, corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>ANGEL J GARCIA,<br><br>  Defendant. | Case No. 2:22-bk-12110-NB<br><br>Chapter 7<br><br>Adv. ~~Case~~ <u>Proceeding</u> No. 2:22-ap-01140-NB<br><br>**ORDER DENYING DEBTOR AND DEFENDANT ANGEL J. GARCIA'S MOTION TO DISMISS COMPLAINT<u>, AND TEMPORARILY STAYING ADVERSARY PROCEEDING PENDING MEDIATION</u>**<br><br>Hearing:<br><br>Date:    November 15, 2022<br>Time:    11:00 a.m.<br>Ctrm:    Courtroom 1545 or via ZoomGov<br>         255 East Temple Street<br>         Los Angeles, California 90012 |

The Court, having considered the Motion to Dismiss Complaint (Doc. 7, the "Motion") and supporting documents filed by Debtor and Defendant Angel J. Garcia ("Defendant"), and having considered the Opposition to the Motion (Doc. 16) and supporting documents filed by Plaintiff and Creditor C.R. Laurence Co., Inc. ("Plaintiff"), and having considered the Reply in Support of the Motion (Doc. 19) filed by Defendant, and the Court having held a hearing on November 15, 2022 with appearances as reflected in the record, and based on the findings and conclusions made in the ruling attached hereto as Exhibit "1" and incorporated herein,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is DENIED.

2. The Court's tentative ruling dated November 14, 2022, attached as Exhibit "1" to this Order, is incorporated herein as the Court's final ruling.

3. <u>This adversary proceeding is temporarily stayed, on this Court's own motion, as set forth in the attached, adopted tentative ruling (part "(1)(b)"), in furtherance of this Court's separate order directing the parties to mandatory mediation.</u>

###

Date: November 23, 2022

Neil W. Bason
United States Bankruptcy Judge

# EXHIBIT 1

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
**Courtroom 1545 Calendar**

---

**Tuesday, November 15, 2022**                                                                      **Hearing Room    1545**

**11:00 AM**
**2:22-12110    Angel J Garcia**                                                                         **Chapter 7**
Adv#: 2:22-01140         C.R. Laurence Co., Inc. v. Garcia

    **#8.00**    Cont'd hrg re: Motion to dismiss complaint
             fr. 9/27/22, 10/25/22

                              Docket       7

**Tentative Ruling:**

    Please see the tentative ruling for the status conference (Calendar No. 9, 11/15/22 at 11:00 a.m.).

| Party Information |
|---|

**Debtor(s):**

    Angel J Garcia                                      Represented By
                                                        Ivette  Teran

**Defendant(s):**

    Angel J Garcia                                      Represented By
                                                        Ivette  Teran
                                                        Ryan A Witthans

**Movant(s):**

    Angel J Garcia                                      Represented By
                                                        Ivette  Teran
                                                       Ryan A Witthans

**Plaintiff(s):**

    C.R. Laurence Co., Inc.                        Represented By
                                                        Ali M Mojdehi

**Trustee(s):**

    Sam S Leslie (TR)                               Pro Se

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

| | |
|---|---|
| **Tuesday, November 15, 2022** | **Hearing Room  1545** |

**11:00 AM**
**2:22-12110    Angel J Garcia**                                                                                          **Chapter 7**
Adv#: 2:22-01140         C.R. Laurence Co., Inc. v. Garcia

   **#9.00**   Cont'd status conference re: Complaint to determine nondischargeability of debt pursuant to 11 U.S.C. section 523(a)(6)
fr. 9/20/22, 10/25/22

                         Docket     1

**Tentative Ruling:**

    Deny the motion to dismiss, temporarily stay this proceeding, and direct the parties to mandatory mediation in this Court, all as set forth below. <u>Appearances required</u>.

    If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted Tentative Rulings.

    (1) <u>Current issues</u>
This Court has reviewed the parties' joint status report (adv.dkt. 18) and the other filed documents and records in this adversary proceeding.
      (a) <u>Defendant/Debtor's motion to dismiss (adv. dkt. 7), Plaintiff's opposition (adv. dkt. 16) and request for judicial notice (adv. dkt. 17), Defendant/Debtor's reply (adv. dkt. 19)</u>
          (i) <u>Applicable standards</u>
    The parties have briefed the legal standards for "willful and malicious" injury under 11 U.S.C. 523(a)(6), and for addressing a motion to dismiss under Rule 12(b)(6) (Fed. R. Civ. P., incorporated by Rule 7012, Fed. R. Bankr. P.).  *See* adv. dkt. 7 & 16.  In any event, those standards are well known, so this Court will not repeat them here except as follows.
      First, as Defendant/Debtor notes, the "willful" element requires not just an intentional act but that the injury itself be intentional - he must have harbored "either a subjective intent to harm, or a subjective belief that harm is substantially certain" - and the "malicious" element requires "(1) a wrongful

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, November 15, 2022**                                                           **Hearing Room**     **1545**

<u>11:00 AM</u>
**CONT...**      **Angel J Garcia**                                                          **Chapter 7**

act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse."  MTD (dkt. 7), p. 7:6-13 (citations and internal quotation marks omitted).  Second, in reviewing the sufficiency of the Complaint this Court must draw all reasonable inferences in Plaintiff's favor, and if the factual allegations are "plausible" that is sufficient, even if those allegations are not as detailed as Defendant/Debtor might like.  *Id.* p. 6:4-28.

      (ii) <u>Plaintiff's request for judicial notice</u>

Plaintiff requests that this Court take judicial notice of pleadings filed in the related litigation between the parties.  Adv. dkt. 17.  Likewise, Defendant/Debtor requests judicial notice of the pending lawsuit between Plaintiff and a competitor (*e.g.,* MTD, adv. dkt. 7, p. 1 n. 2) and other information (*id.,* p. 3 n. 5) in support of his argument that he is caught in the middle.

The tentative ruling is to take judicial notice of the existence of the pending lawsuits, the broad nature of the claims and defenses therein, and the broad nature of the businesses involved, for purposes of framing the issues presently before this Court, but nothing more.  Although this Court can take judicial notice of the existence of "matters of public record" under Rule 201 (Fed. R. Evid.), this Court cannot take judicial notice of the contents of those documents or the truth of the matters asserted therein.  *See, e.g., Reed v. Wilmington Trust, N.A.,* 2016 U.S. Dist. LEXIS 72792, at *6 (N.D. Cal. June 3, 2016).

Additionally and alternatively, the tentative ruling is not to consider the referenced documents to any greater degree than set forth above because, when ruling on a Rule 12(b)(6) (Fed. R. Civ. P.) motion to dismiss, courts generally cannot consider material outside of the pleadings without converting the motion into a motion for summary judgment.  *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988 (9th Cir. 2018).  The parties have not established that any exceptions to this general rule apply in this instance.

Alternatively, the tentative ruling is that this Court would reach the same results regardless whether it did or did not take judicial notice of the referenced documents and web site.

      (iii) <u>Analysis</u>

Defendant/Debtor argues that the Complaint fails to make specific factual allegations (a) that the Defendant/Debtor transferred trade secrets directly to one or more of Plaintiff's competitors; (b) that he realized any financial gain; (c) that he undertook the acts he is alleged to have done with

## United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, November 15, 2022**     Hearing Room    **1545**

<u>11:00 AM</u>
**CONT...**     **Angel J Garcia**     Chapter 7

the specific intent to harm Plaintiff; or (d) that Plaintiff actually did suffer specific harm.  *See, e.g.,* Reply (adv. dkt. 19), p. 5:21-23.  But the tentative ruling is that no such specific allegations are necessary because all the elements of a claim under section 523(a)(6) are reasonable and plausible <u>*inferences*</u> from the allegations in the Complaint.

The Complaint alleges that Defendant/Debtor, just prior to leaving Plaintiff's employment, printed out and photographed a stack of confidential engineering drawings that, allegedly, were not necessary for his job as an Inventory Control Manager.  *See* Complaint (adv. dkt. 1) para. 21.  The tentative ruling is that this alone is enough to create a plausible inference that he did so with either a subjective intent to harm Plaintiff or a subjective belief that such harm was substantially certain, as well the other elements under section 523(a)(6) (*i.e.,* that he acted wrongfully, without just cause or excuse, etc.).

As Defendant/Debtor admits, determining whether a claim for relief is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." MTD (dkt. 7), p. 6:23-25 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  By way of analogy, if a complaint were to allege that someone is a thief who wrongfully absconded with property, those allegations would support a plausible inference of intent to cause harm (stealing generally causes harm), even if it is unknown who will be the "fence" for the thief, or which gang he or she might belong to, or other specific information.  Similarly, in this adversary proceeding, the Complaint's allegations about wrongfully obtaining and copying proprietary and valuable engineering drawings, that have no obvious connection with Defendant/Debtor's job as an inventory control manager, are enough to support an inference that he was not photographing those documents with an intent to create greeting cards or posters of engineering schematics for his home, but rather to cause harm to Plaintiff by sharing that proprietary information, even if the identity of such persons is not presently known, or is only suspected.

Of course, it is entirely possible that Plaintiff has misstated the facts, or that there are innocent explanations and such documents were useful in some way to Defendant/Debtor's performance of his duties.  But, again, at the pleading stage all that is required are plausible allegations to satisfy the statutory elements, not certainty nor details, especially when those details might only be known to Defendant/Debtor (and unknown conspirators).

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, November 15, 2022**     Hearing Room     1545

<u>11:00 AM</u>
**CONT...**     **Angel J Garcia**     Chapter 7

Alternatively, if the foregoing were not enough, the Complaint adds allegations about (i) Defendant/Debtor's wrongful acquisition of other proprietary information (*id.,* para. 22), (ii) his close relationship with, and communications to, a competitor's employee (*id.,* para. 23), and (iii) that he later allegedly engaged in spoliation of evidence, apparently to hide his tracks (*id.,* para. 41-48), all of which reinforces inferences sufficient to meet the statutory elements (including intent to harm, or a subjective belief that harm was substantially certain). *See, e.g.,* Opp. p. 7:4-7, 8:5-15; *In re Su,* 290 F.3d 1140, 1144-47 (9th Cir. 2002).

For the foregoing reasons, the tentative ruling is to deny the MTD.

<u>Proposed order(s)</u>: Unless otherwise ordered, Plaintiff is directed to lodge proposed order(s) on the foregoing matter(s) via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling.

(b) <u>Plaintiff's request to stay this proceeding</u>

In the parties' status report (adv. dkt. 18), and in its Opposition to the MTD (dkt. 16, p. 7:7-13), Plaintiff informally requests that this Court stay this proceeding and allow the parties to proceed to a final judgment in the State Court litigation. Although there is no motion pending, the tentative ruling is that, in the interest of efficiency and avoiding prejudice to either party, it is appropriate to grant a temporary stay of this adversary proceeding on this Court's own motion. *See* 11 U.S.C. 105(a).

Specifically, the tentative ruling is (i) to stay this proceeding while directing the parties to mandatory mediation before a mediator experienced in bankruptcy matters and (ii) if the parties are unable to settle their disputes, to provide a brief additional stay of this adversary proceeding long enough for the filing, service, and ruling on a motion for relief from the automatic stay, or other appriate papers to determine whether the parties' litigation should proceed in the State Courts or before this Bankruptcy Court. The tentative ruling is not to set any specific deadlines at this time, except for lodging a proposed mediation order (see below), and instead to continue this status conference for a relatively brief period, after which any additional deadlines can be addressed.

(2) <u>Standard requirements</u>

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, November 15, 2022**     Hearing Room     **1545**

11:00 AM
**CONT...**     **Angel J Garcia**     **Chapter 7**

The following are Judge Bason's standard requirements for status conferences.  (To the extent that the parties have already addressed these issues in their status report, they need not repeat their positions at the status conference.)

(a) Venue/jurisdiction/authority
The parties are directed to address any outstanding matters of (a) venue, (b) jurisdiction, (c) this Bankruptcy Court's authority to enter final orders or judgment(s) in this proceeding and, if consent is required, whether the parties do consent, or have already expressly or impliedly consented. See generally *Stern v. Marshall*, 131 S.Ct. 2594, 2608 (2011) (if litigant "believed that the Bankruptcy Court lacked the authority to decide his claim…then he should have said so – and said so promptly."); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015) (consent must be knowing and voluntary but need not be express); *In re Bellingham Ins. Agency, Inc.,* 702 F.3d 553 (9th Cir. 2012) (implied consent), *aff'd on other grounds*, 134 S. Ct. 2165 (2014); *In re Pringle*, 495 B.R. 447 (9th Cir. BAP 2013) (rebuttable presumption that failure to challenge authority to issue final order is intentional and indicates consent); *In re Deitz,* 760 F.3d 1028 (9th Cir. 2014) (authority to adjudicate nondischargeability encompasses authority to liquidate debt and enter final judgment).  See generally *In re AWTR Liquidation, Inc.*, 548 B.R. 300 (Bankr. C.D. Cal. 2016).

(b) Mediation [see above].  The tentative ruling is to set a **deadline of 11/29/22** for the parties to lodge proposed order(s) directing the parties to mandatory mediation.

(c) Deadlines
This adversary proceeding has been pending since 7/8/22.
Pursuant to LBR 9021-1(b)(1)(B), plaintiff is directed to lodge a proposed order via LOU within 7 days after the status conference, attaching a copy of this tentative ruling or otherwise memorializing the following.
Joinder of parties/amendment of pleadings-deadline: TBD
Discovery cutoff (for *completion* of discovery):  TBD
Expert(s) - deadline for reports:  TBD
Expert(s) - discovery cutoff (if different from above): TBD
Dispositive motions to be heard no later than:  TBD

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
**Courtroom 1545 Calendar**

**Tuesday, November 15, 2022**                                                                 **Hearing Room   1545**

**11:00 AM**
**CONT...**        **Angel J Garcia**                                                                                    **Chapter 7**

Joint Status Report: 1/10/23.
Continued status conference:  1/24/23 at 11:00 a.m.
Lodge Joint Proposed Pretrial Order:  TBD
Deliver trial exhibits to other parties and chambers, including direct testimony by declaration unless excused: TBD
Trial commencement:  TBD

| Party Information |
|---|

**Debtor(s):**

   Angel J Garcia                                   Represented By
                                                                   Ivette  Teran

**Defendant(s):**

   Angel J Garcia                                   Represented By
                                                                   Ivette  Teran
                                                                   Ryan A Witthans

**Plaintiff(s):**

   C.R. Laurence Co., Inc.                     Represented By
                                                                   Ali M Mojdehi

**Trustee(s):**

   Sam S Leslie (TR)                            Pro Se